THOMAS R. BURKE (State Bar No. 141930)
SELINA MACLAREN (State Bar No. 300001)
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com
Email: selinamaclaren@dwt.com

Attorneys for Plaintiffs National Public Radio, Inc. and
Eric Westervelt

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., and ERIC WESTERVELT,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>　　　　Defendant. | CASE NO. 4:18-cv-5772-DMR<br><br>**PLAINTIFFS' MOTION FOR A COURT ORDER CLARIFYING THAT SCOPE OF FOIA REQUEST INCLUDES LESLIE WIGGINS' EMAILS** |

Pursuant to this Court's December 4, 2019 Civil Conference Minute Order, Plaintiffs National Public Radio, Inc. and Eric Westervelt (collectively, "Plaintiffs" or "NPR") submit this motion requesting that the Court issue an order requiring that Defendant United States Department of Veterans Affairs ("Defendant" or "VA") promptly review and produce any emails sent or received by Ms. Leslie Wiggins in the agency's possession, custody, or control consistent with NPR's March 2018 Freedom of Information Act request ("FOIA Request") at issue in this case. *See* ECF No. 43. These emails involving Ms. Wiggins are at the core of NPR's original FOIA request and their production should not

///

1

1  be delayed by the VA's refusal to process them until summary judgment.

2  **I.      NPR's FOIA Request Is Not Limited to OAWP Records.**

3        **A.      NPR's Request Specifically Sought Records Involving Ms. Wiggins and Was Not Limited to OAWP Records.**

The face of the FOIA Request in this matter, which is attached hereto as **Exhibit A**, makes clear that it seeks agency records in the possession of the VA, and is not limited to agency records in the possession of any VA component, including the Office of Accountability and Whistleblower Protection ("OAWP"). The salutation states: "Dear Veterans Affairs FOIA Officer." *See* Exh. A; *see also* ECF No. 1-1 at 2. Although the address notes the "Office of Accountability and Whistleblower Protection," the FOIA Request was emailed to the VA's general FOIA email address, vacofoiaservice@va.gov. Mr. Westervelt also received a response from that email address. A true and correct copy of the email correspondence between Mr. Westervelt and the VA's general FOIA email address is attached hereto as **Exhibit B**.

More importantly, however, the FOIA Request reasonably describes records that the VA should have been able to locate, and it was not Mr. Westervelt's responsibility to identify exactly where such records might be located. *Inst. for Justice v. Internal Revenue Serv.*, 941 F.3d 567, 572 (D.C. Cir. 2019) ("We do not require technical precision in FOIA requests, … [n]or do we require a requester to know anything about where or how the agency stores those emails. Instead, the statutory standard for a FOIA request is that it 'reasonably describes' the records sought.") (citation omitted). Accordingly, any purported ambiguity about which agency the FOIA Request was directed to was clarified by the FOIA Request's clear enumeration of the requested records. The FOIA Request sought four distinct and independent categories of records (the "Categories"):

    1. Specific records "received by or in the possession of the Office of Accountability and Whistleblower Protection (OAWP)" involving Veterans Affairs VISN 7;
    2. Specific records "received by or in the possession of the Office of Accountability and Whistleblower Protection (OAWP)" involving Veterans Affairs VISN 10;
    3. Specific records "that mention[] the name of Ms. Leslie Wiggins, Network Director of VISN 7";
    4. Specific records "that mention[] the name of Mr. Robert McDivitt, Network Director of VISN 10."

While the FOIA Request limits Categories 1 and 2 to records "received by or in the possession of" OAWP, that limitation is notably absent from Categories 3 and 4. Categories 3 and 4 seek records

mentioning Ms. Wiggins (or Mr. McDivitt) in the possession of the broader VA.

Indeed, the VA's own representative understood that the FOIA Request was initially directed to the VA and sought VA records. On April 5, 2018, Mr. Westervelt received an acknowledgement letter to his FOIA Request via email; that letter came not from the OAWP, but rather from the VA's Director at the Office of Privacy Information and Identity Protection, Mr. John Buck. A copy of the reply is attached hereto as **Exhibit C**. *See also* ECF No. 1-2 at 2. In the first sentence of that letter, Mr. Buck acknowledged that the FOIA Request was directed "to the Department of Veterans Affairs (VA)." Exh. C. Mr. Buck further listed the four categories of information and represented that all four categories were held by the OAWP. Exh. C ("The records you requested are maintained at the OAWP."). Accordingly, as Mr. Buck noted, the VA forwarded the FOIA Request to the OAWP. Exh. C.

Based on Mr. Buck's representation, Plaintiffs proceeded with this litigation under the assumption that OAWP held *all* the responsive records, including records responsive to Category 3. Through this litigation, however, Plaintiffs have learned that OAWP does not control Ms. Wiggins' emails. Those emails, however, are within the scope of the FOIA Request directed at the VA and within the VA's control, and thus should be included in the VA's search.

### B. An Agency May Not Unilaterally Narrow the Scope of A FOIA Request By Forwarding It to An Agency Component.

In responding to a FOIA request, a government agency bears the burden of showing that it conducted a search "reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) ("*Weisberg II*"); *see also McGehee v. C.I.A.*, 697 F.2d 1095, 1101 (D.C. Cir.1983) (agency must "take reasonable steps to ferret out requested documents"). FOIA requires that the agency search *all* locations where responsive records are "likely" to be found. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) ("[T]he agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested."); *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999) ("It is well-settled that if an agency has reason to know that certain places may contain responsive documents, it is obligated under FOIA to search barring an undue burden.").

If the agency imposes any limitation on the scope of the search, the agency bears the burden of showing that the limitation "comport[s] with its obligation to conduct a reasonably thorough

investigation." *McGehee*, 697 F.2d at 1101.  Accordingly, although it is permissible for an agency to forward a FOIA request to specific component offices within the agency, the agency must "explain[] with reasonable specificity of detail . . . the kinds of information each office maintains and why each component office is *the only one* that is likely to maintain responsive records." *The Few, the Proud, the Forgotten v. United States Dep't of Veterans Affairs*, 254 F. Supp. 3d 341, 353–54 (D. Conn. 2017) (internal quotations and citation omitted) (emphasis added).  In addition, if the agency "discover[s] information suggesting the existence of documents that it could not locate without expanding the scope of its search," it must expand its search.  *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998), *as amended* (Mar. 3, 1999) (reversing finding that search was adequate where FBI limited search to one records system).

The court rejected an agency's attempt to narrow the scope of the search in *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990), which involved a FOIA request to the State Department for categories of information about Albania.  While the initial FOIA request sought "all records related to the topics [plaintiff] particularized," the plaintiff submitted a follow-up letter stating that he was "specifically seeking documents for the period 1950-54 in two files he identified."  *Id*. at 543 (internal quotations omitted).  The agency searched for all categories of documents in the two identified files, and thus overlooked a third file that stored responsive material.  *Id*. 542-43.  The court found that it was error for the agency to limit the scope of the search to the two files and reversed the lower court's summary judgment in favor of the agency.  *Id*. at 543, 548.

Similarly, in *The Few, the Proud, the Forgotten*, the VA asked two VA components to respond to a FOIA request, based on each component's duties.  253 F. Supp. 3d. at 354.  Because this division of labor excluded potentially responsive records from the VA's overall search, the court could not conclude that the search was reasonable and denied in part the agency's motion for summary judgment.  *Id*.

As in *Truitt* and *The Few, the Proud, the Forgotten*, the VA here seeks to improperly limit the scope of the search *by searching only OAWP records*.  The VA does not even contend that OAWP is the only component likely to control responsive records, as it is required to show before limiting the scope of the FOIA Request; indeed, the VA *admits* that OAWP does not control Ms. Wiggins's emails.  Nor can the VA dispute that Ms. Wiggins' emails are likely to contain material responsive to Category 3.  By

unilaterally limiting its search to records controlled by OAWP, when there are clear indications that responsive records exist elsewhere in the VA, Defendant insists on an unreasonably narrow search for responsive records in contravention of the FOIA's broad mandate.

## II.     Ms. Wiggins' Emails Are "Agency Records" Subject to Search Under FOIA.

It is clear that Ms. Wiggins emails are "agency records" subject to FOIA's mandate of access. Although FOIA does not specifically define "agency record," the United States Supreme Court formulated a two-part definition for what constitutes an agency record in *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136 (1989). Under that definition, a record is an "agency record" if the agency "'create[s] or obtain[s]' the requested materials," and is "in control of the requested materials at the time the FOIA request is made." *Id*. at 144-45 (citation omitted). The "burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records.'" *Id*. at 142 n.3.

The Ninth Circuit in *Rojas v. Fed. Aviation Admin.*, 941 F.3d 392 (9th Cir. 2019), explained that the *Tax Analysts* test is satisfied for emails created by an agency employee, stored on an agency server, and connected to agency-related business rather than purely personal matters. *Id*. at 408-09. The *Rojas* court explained that "agency records may include documents used by agency employees in connection with agency business, even if the employees were engaging in misconduct." *Id*. at 409. In addressing the second prong, it stated, "we have no trouble concluding that the FAA possessed the withheld materials, because they were discovered in the FAA's computer system . . . ." *Id*. at 409-10.

Here, the VA does not and cannot dispute that Ms. Wiggins was an agency employee who exchanged emails related to agency-related business, and that those emails are stored on the VA's computer systems. Plaintiffs do not seek personal emails, records stored outside of the VA's computer systems, or records unrelated to the VA's official public business. Thus, there is no question that Ms. Wiggins' emails in the VA's control are "agency records" subject to search and production under FOIA. These responsive emails should be promptly produced by the VA – and not withheld from public inspection until many months from now when the parties move to the summary judgment stage.

///

///

| | |
|---|---|
| 1  Dated: December 11, 2019 | |
| 2 | Respectfully submitted, |
| 3 | DAVIS WRIGHT TREMAINE LLP |
| 4 | |
| 5 | By: *Thomas R. Burke* |
| 6 |     Thomas R. Burke<br>    Selina MacLaren |
| 7 | 505 Montgomery Street, Suite 800<br>San Francisco, California 94111 |
| 8 | (415) 276-6500 Phone<br>(415) 276-6599 Fax |
| 9 | thomasburke@dwt.com<br>selinamaclaren@dwt.com |
| 10 | |
| 11 | *Attorneys for Plaintiffs National Public Radio, Inc., and Eric Westervelt* |

6

4821-7263-2750V.4 0200559-000004

# EXHIBIT A

**Freedom of Information Act Request**

March 29, 2018

U.S. Department of Veterans Affairs
Office of Accountability and Whistleblower Protection
810 Vermont Avenue, NW
Washington DC 20420

Dear Veterans Affairs FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of the following records whether in paper or electronic form or format, relating to:

1. Any correspondence, complaint or investigation received by or in the possession of the Office of Accountability and Whistleblower Protection (OAWP) involving any and all branches of Veterans Affairs **VISN 7.**
2. Any correspondence, complaint, or investigations by or in the possession of the Office of Accountability and Whistleblower Protection (OAWP) involving any and all branches of Veterans Affairs **VISN 10.**
3. Any and all investigations or correspondence that mentions the name of Ms. Leslie Wiggins, Network Director of **VISN 7.**
4. Any and all investigations or correspondence that mentions the name of Mr. Robert McDivitt, Network Director of **VISN 10.**

I am requesting this information in electronic form.

As a representative of the news media I am only required to pay for the direct cost of duplication after the first 100 pages. However, please notify me prior to your incurring any expenses in excess of that amount.

Please waive any applicable fees. Release of the information is in the public interest because it will contribute significantly to public understanding of government operations and activities.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the Freedom of Information Act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

As I am making this request as a journalist and this information is of timely value, I would appreciate your communicating with me by telephone, rather than by mail, if you have questions regarding this request. I look forward to your reply within 20 business days, as the federal statute requires.

In addition to communicating with me about this request, you may also communicate with my attorney, Ashley Messenger. My telephone number is (202) 513-3351 and my e-mail address is Ewestervelt@npr.org

Ms. Messengers's telephone number is 202-513-2054 and her e-mail address is amessenger@npr.org.

I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief.

Thank you for your assistance.

Sincerely,


Eric Westervelt
NPR News
Berkeley, CA

# EXHIBIT B

# MacLaren, Selina

| | |
|---|---|
| **From:** | Eric Westervelt <EWestervelt@npr.org> |
| **Sent:** | Tuesday, December 10, 2019 9:25 AM |
| **To:** | Eric Westervelt |
| **Subject:** | FW: 18-06246-F (Westervelt) FOIA |
| **Attachments:** | Final Acknowledgement Letter.pdf |

**From:** Short, Jacqueline <Jacqueline.Short@va.gov> **On Behalf Of** VACO FOIA Service Inbox
**Sent:** Thursday, April 5, 2018 12:27 PM
**To:** Eric Westervelt <EWestervelt@npr.org>; VACO FOIA Service Inbox <vacofoiase@va.gov>
**Cc:** Denice Rios <DRios@npr.org>; Hugh Dellios <HDellios@npr.org>
**Subject:** 18-06246-F (Westervelt)

Good afternoon Mr. Westervelt;

The VACO FOIA Service received your electronic FOIA request dated March 29, 2018, in which you are requesting any correspondence, complaint or investigation received by or in the passion of the Office of Accountability and Whistleblower Protection (OAWP) involving and all branches of Veterans Affairs VISN 7 and VISN 10. Any and all investigations or correspondence that mentions the name of Ms. Leslie Wiggins, Network Director of VISN 7 and Mr. Robert McDivitt, Network Director of VISN 10.

I have attached a copy of the Department of Veterans Affairs' acknowledgment letter. The attached letter provides you with the referral and contact information for the referring office.

This concludes the FOIA Service's response to your request.

Thank you and have a great day.

VACO FOIA Service
Quality, Privacy, and Risk (QPR)
Office of Information and Technology (OI&T)
Fax: (202) 632-7581
vacofoiaservice@va.gov
FOIA Service Hotline: 1-877-750-3642

***Please take a moment and let us know how we did by completing a quick evaluation:*** Got a minute? Rate Our Service!



**QPR's Mission Statement:**
"To instill and promote a culture of quality, privacy and risk management in collaboration with our business partners to enable a better Veteran experience."

1

**From:** Eric Westervelt [mailto:EWesservelt@npr.org]
**Sent:** Thursday, March 29, 2018 5:37 PM
**To:** VACO FOIA Service Inbox
**Cc:** Eric Westervelt; Denice Rios; Hugh Dellios
**Subject:** [EXTERNAL] FOIA Request OAWP from NPR News

Please see the attached FOIA request.

Best,

Eric Westervelt

|Eric Westervelt|Correspondent|ewestervelt@npr.org |202-513-3351|@Ericnpr

**Download** NPR One. Hand-picked stories based on what you like

# EXHIBIT C



U.S. Department
of Veterans Affairs

Via Email: Ewestervelt@npr.org

Eric Westervelt
NPR News
Berkeley, CA

Re: Freedom of Information Act Tracking Number **18-06246-F**

Dear Mr. Westervelt,

This letter acknowledges receipt of your electronic Freedom of Information Act (FOIA) request to the Department of Veterans Affairs (VA) dated March 29, 2018, in which you requested; 1.) Any correspondence, complaint or investigation received by or in the possession of the Office of Accountability and Whistleblower Protection (OAWP) involving any and all branches of Veterans Affairs VISN 7; 2.) Any correspondence, complaint or investigation received by or in the possession of the OAWP involving any and all branches of Veterans Affairs VISN 10; 3.) Any and all investigations or correspondence that mentions the name of Ms. Leslie Wiggins, Network Director of VISN 7; 4.) Any and all investigations or correspondence that mentions the name of Mr. Robert McDivitt, Network Director of VISN 10.

The FOIA Service received your request on March 30, 2018, and assigned it FOIA tracking number **18-06246-F**. Please refer to this number when communicating with the VA about this request.

The records you requested are maintained at the OAWP. Your request has been referred to Mr. Mikio Manuel at the following address:

Department of Veterans Affairs
Attention: Mr. Mikio Manuel
Office of Accountability & Whistle Blower Protection (02C01) VACO
810 Vermont Avenue, NW
Washington, DC 20420
Email: oarfoiarequests@va.gov
Phone: (202) 590-1540

This concludes the FOIA Service's response to your request.

We appreciate your interest in the VA. If you have any further questions concerning this letter, you may contact Mr. Raymond Harrell of my staff at (202) 632-7234.

Sincerely,

John Buck
Director, Office of Privacy Information
and Identity Protection