DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ADRIENNE ZACK (CABN 291629)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7031
    Fax: (415) 436-6748
    adrienne.zack@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., and ERIC WESTERVELT,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>    Defendant. | CASE NO. 4:18-cv-5772-DMR<br><br>**DEFENDANT'S RESPONSE TO MOTION FOR ORDER OF CLARIFICATION REGARDING SCOPE OF FOIA REQUEST** |

Pursuant to the Court's Order of December 4, 2019, ECF No. 43, Defendant, U.S. Department of Veterans Affairs ("VA"), submits this response to Plaintiffs' motion for an order of clarification regarding the scope of Plaintiffs' Freedom of Information Act ("FOIA") request. The March 29, 2018 FOIA request submitted by Plaintiff Westervelt, when read in its entirety, does not request the entire email mailbox of Ms. Leslie Wiggins, and Plaintiffs may not expand the scope of their request to include those records during this litigation.

**I.      The FOIA Request Does Not Request Ms. Wiggins' Email Mailbox.**

Plaintiffs' FOIA request, when read as one document, cannot be reasonably interpreted as encompassing Ms. Wiggins' individual email mailbox. The thrust of Plaintiffs' request is for investigation and complaints, not the records of individual VA staff that do not conduct investigations or handle complaints. Although the FOIA requires agencies to construe FOIA requests liberally, it does not require an agency to search "beyond the four corners of the request" or "divine a requester's intent."

*Am. Chemistry Council, Inc. v. U.S. De''t of Health & Human Servs.*, 922 F. Supp. 2d 56, 62 (D.D.C. 2013) (citations and quotations omitted). Rather, an unclear request may be reasonably interpreted by the agency when determining what records for which to search. *See Wilson v. U.S. Dep't of Transp.*, 730 F. Supp. 2d 140, 154–55 (D.D.C. 2010), *aff'd*, No. 10-5295, 2010 WL 5479580 (D.C. Cir. Dec. 30, 2010) (finding that a request for "all EEO complaints" was reasonably interpreted to mean formal complaints); *Adamowicz v. IRS*, 552 F.Supp.2d 355, 362 (S.D.N.Y. 2008) (finding that a request for documents pertaining to a tax audit did not include documents regarding the appeal of the audit). The VA has properly interpreted Plaintiffs' request for "records . . . relating to . . . [a]ny and all investigations or correspondence that mentions the name of Ms. Leslie Wiggins, Network Director of VISN 7" to not include Ms. Wiggins' actual email mailbox.

Plaintiffs appear to argue that "correspondence that mentions the name of Ms. Leslie Wiggins" includes Ms. Wiggins' email mailbox. ECF No. 1-1 at 2. A reasonable interpretation of this language does not include the mailbox of Ms. Wiggins' herself, or as Plaintiffs describe in their motion "emails sent or received by Ms. Leslie Wiggins." ECF No. 44 at 1. The verb "mention" is defined as to "refer to briefly and without entering into detail." *Mention, v.,* OED Online, Oxford University Press, December 2019, www.oed.com/view/Entry/116562. The noun "mention" means "the action or an act of referring to, remarking upon, or introducing the name of a person or thing in spoken or written discourse, often incidentally and as not necessarily essential to the discussion." *Mention, n.*, OED Online, Oxford University Press, December 2019, www.oed.com/view/Entry/116561. The reasonable understanding of communications that "mention" the name of an individual would therefore not include the emails sent by that person. Instead, it suggests communications about that person by others. Further, the subpart of the request is for "all investigations and correspondence that mentions" Ms. Wiggins. ECF No. 1-1. When part three is read as a whole, it is even more apparent that the request was reasonably interpreted to include only records that referred to Ms. Wiggins' name that were created by other parties.

If Plaintiff Westervelt in fact sought Ms. Wiggins' emails in the FOIA request, it would have been simple to request those records.[1] A request for "all emails sent or received by Ms. Leslie

---

[1] Defendants do not dispute that Ms. Wiggins' emails would be considered agency records under FOIA.

Wiggins," as Plaintiffs have now described, would have been clear and sufficient. And although a requester cannot be expected to know the details of how an agency organizes its records, a request for an email mailbox does not necessarily require specialized knowledge about agency systems. *See Inst. for Justice v. Internal Revenue Serv.*, 941 F.3d 567, 572 (D.C. Cir. 2019) (providing the example that a request for emails "would not fail because the request was for emails 'in' an Outlook inbox rather than 'accessible through' Outlook"). Moreover, Plaintiffs are sophisticated and experienced FOIA requesters, a reporter and national news organization, who can be expected to submit FOIA requests that set forth the requested documents with the required reasonable description. *See* 5 U.S.C. § 552(a)(3)(A).

Finally, to the extent that the motion seeks to expand Plaintiffs' FOIA request in the midst of this litigation, such an expansion is improper. "[A] FOIA plaintiff may not expand the scope of his request once his original request is made." *Coss v. United States Dep't of Justice*, 98 F. Supp. 3d 28, 34 (D.D.C. 2015). The Court should reject any attempt to expand Plaintiffs' request beyond its original terms and find that it does not encompass "all emails sent or received by Ms. Leslie Wiggins."

**II.     The VA Properly Construed the FOIA Request As One Directed Only to OAWP.**

Plaintiffs argue that VA improperly limited their FOIA request to the Office of Accountability and Whistleblower Protection ("OAWP"), which does not have control over Ms. Wiggins' email mailbox, but this question need not be decided to resolve the current dispute between the parties. In their motion, Plaintiffs request a determination regarding whether the VA must "review and produce any emails sent or received by Ms. Leslie Wiggins." ECF No. 44 at 1. Even if the VA had directed parts three and four of the request to another part of the VA for fulfillment, the other component would not have found Ms. Wiggins' individual email mailbox to be covered by the request for the reasons discussed above. The cases cited by Plaintiffs regarding improper narrowing of a request by an agency or inadequate search are therefore inapposite to the question at issue here. *See* ECF No. 44 at 3-4.

However, even considering Plaintiffs' arguments regarding the routing of the request, a facial examination of the FOIA request shows that the VA reasonably interpreted the request as directed only to OAWP.[2] First, the VA processes FOIA requests in a decentralized manner. The regulations in effect

---

[2] Because the issue here is purely legal and limited in scope, Defendant does not submit declarations as it might in the context of a full motion for summary judgment.

in March 2018 instructed requestors to "write directly to the FOIA Officer for the VA component that maintains the records." 38 C.F.R § 1.554 (2018).  The regulations went on to say that "[i]f the requester is not sure where to send the request, he or she should seek assistance from the FOIA Contact for the office believed to manage the programs whose records are being requested or send the request to the Director, FOIA Service (005R1C), 810 Vermont Avenue, NW., Washington, DC 20420, who will refer it for action to the FOIA contact at the appropriate component." *Id.*  Plaintiff Westervelt submitted the request to the email mailbox for FOIA requests at the VA Central Office ("VACO").  ECF No. 44 at 12.

Contrary to Plaintiffs' assertions, the request, when taken as a whole, is clear that it was directed to only OAWP.  The subject line of Plaintiff Westervelt's email reads "FOIA Request OAWP from NPR News." ECF No. 44 at 12.  The body of the email does not indicate any uncertainty regarding which component would be the appropriate entity to address his request. *Id.*  The address line of the request reads "U.S. Department of Veterans Affairs, Office of Accountability and Whistleblower Protection." ECF No. 1-1.  And although it is addressed to "Dear Veterans Affairs FOIA Officer," the FOIA officer for OAWP is also a VA FOIA officer.  It is reasonable that the VACO interpreted this request as directed only to OAWP and merely performed a routing function to OAWP when it was clear that the request was directed to OAWP alone.

When an agency processes its FOIA requests in a decentralized manner, as set out in its FOIA regulations, and a request is sent to one component of that agency, the agency acts appropriately when it limits its search to the records in the component's possession.  *See Hussain v. U.S. Dep't of Homeland Sec.*, 674 F. Supp. 2d 260, 265 (D.D.C. 2009).  For example, in *Hussain*, the requestor submitted a request to United States Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security ("DHS"), for his alien registration file.  *Id.*  The court found that certain materials that were located in the requestor's detention file, maintained by Immigration and Customs Enforcement, another component of DHS, were properly excluded from the agency's search because the request was only directed to USCIS.  Here, the VA FOIA regulations "put[ ] the burden on the requesting party to direct his request to the [VA] component from which records are sought." *Skurow v. U.S. Dep't of Homeland Sec.*, 892 F. Supp. 2d 319, 328 (D.D.C. 2012) (interpreting similar language in DHS FOIA regulations).  Plaintiffs' request was only directed to OAWP, and therefore it is

proper for Defendant's search to be limited to that component of the VA.

The FOIA request at issue here is distinguishable from that at issue in *The Few, the Proud, the Forgotten v. United States Dep't of Veterans Affairs* ("*TFTPTF*"), 254 F. Supp. 3d 341, 348 (D. Conn. 2017). In that case, the FOIA request was addressed to two components of the VA, the Veterans Benefits Administration and the Veterans Health Administration on its face. *Id.*; Complaint at Exhibit A, *TFTPTF*, 254 F. Supp. 3d at 341 (No. 3:16-cv-00647), ECF No. 1. The components then determined how to divide the request, and the court found that this division did not result in an adequate search. *TFTPTF*, 254 F. Supp. 3d at 354. Here, Plaintiffs' request was only directed to OAWP, and VACO properly forwarded the request onward to OAWP. Plaintiffs' reliance on *TFTPTF* is thus inapposite. *Truitt v. Department of State*, 897 F.2d 540, 543 (D.C. Cir. 1990), is also unpersuasive because it deals with a circumstance in which an agency improperly limited a request based on a follow-up letter from the requester providing more detail regarding the request. Here, there have been no following communications of a similar manner.

Finally, if parts three and four of the FOIA request are construed to encompass the entire VA as Plaintiffs now advocate, they would require the VA to identify every employee (such as doctors, nurses, and administrators) that might have talked about Ms. Wiggins or Mr. McDivitt in their correspondence since 2014. Such a request is not proper under FOIA, which requires that requests reasonably describe the records sought so that an employee can locate the records "with a reasonable amount of effort." *Marks v. U.S. (Dep't of Justice)*, 578 F.2d 261, 263 (9th Cir. 1978); *see also Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990) (rejecting a request that would require the agency to locate every file of a certain type in every office as requiring an unreasonably burdensome search). Requiring a FOIA officer to determine *every* VA employee who might have mentioned Ms. Wiggins' or Mr. McDivitt's in correspondence so that their records could be searched entails an unduly burdensome search. Parts three and four of Plaintiffs' request regarding correspondence are therefore improper FOIA requests if construed to encompass all of the VA.

For the foregoing reasons, Defendant respectfully requests that the Court find the FOIA request may not be reasonably interpreted to include any email sent or received by Ms. Wiggins and deny Plaintiffs' motion.

1  DATED: December 18, 2019                    Respectfully submitted,

2                                              DAVID L. ANDERSON
                                               United States Attorney
3

4                                              */s/ Adrienne Zack*
                                               ADRIENNE ZACK
5                                              Assistant United States Attorney

6                                              Attorneys for Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF. RESP. TO MOT. FOR CLARIFICATION RE SCOPE
4:18-CV-5772-DMR                                6