THOMAS R. BURKE (State Bar No. 141930)
SELINA MACLAREN (State Bar No. 300001)
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com
Email: selinamaclaren@dwt.com

Attorneys for Plaintiffs National Public Radio, Inc. and
Eric Westervelt

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., and ERIC WESTERVELT,<br><br>       Plaintiffs,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>       Defendant. | CASE NO. 4:18-cv-5772-DMR<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT OF COURT'S 12/4/19 ORDER**<br><br>Date:      March 26, 2020<br>Time:      1:00 p.m.<br>Courtroom: 4, 3rd Floor<br><br>Assigned to the Hon. Donna M. Ryu<br><br>Action Filed:  Sept. 20, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 26, 2020, Plaintiffs National Public Radio and Eric

Westervelt (collectively, "NPR"), will and hereby do respectfully move this Court for an order to show

cause why Defendant United States Department of Veterans Affairs ("VA" or "Defendant") should not

be held in contempt of Court for violating this Court's December 4, 2019, Civil Conference Minute

Order by failing to produce 1000 responsive pages of records by January 17, 2020.[1]

---

[1] This Motion is brought pursuant to Local Rule 7-2, however, NPR is concurrently filing a
motion for administrative relief seeking more expedient resolution of this Motion as this Court deems

NPR brings this Motion on the ground that Defendant has violated the Court's December 4, Order by failing to produce 1,000 responsive pages, and instead producing thousands of blank pages, spreadsheets that are improperly formatted such that they inflate the number of pages produced and are indecipherable, and thumbnail attachments to emails (such as logos) that contain no substantive content. NPR estimates that Defendant has produced only approximately 300-400 substantive, responsive documents. NPR's efforts to resolve this matter informally with Defendant have not succeeded. Defendant continues to insist that its January production was proper and has indicated that it is unwilling to supplement its upcoming February 20, 2020, production with responsive pages to make up for the shortfall in the January production. Accordingly, NPR respectfully requests that this Court issue an Order to Show Cause Re: Contempt of the December 4 Order; order Defendant to produce additional pages to meet the 1,000-page requirement; and enjoin Defendant from using blank pages, improperly formatted spreadsheets, and thumbnail attachments to meet this Court's page-production requirements in future productions.

This Motion is based on this Notice, the Memorandum of Points and Authorities below, the Declaration of Thomas R. Burke with Exhibits A-E, which is filed concurrently herewith, all records and papers on file in this action, any oral argument, and any other evidence that the Court may consider in deciding this Motion.

Dated: February 5, 2019

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: *Thomas R. Burke*
     Thomas R. Burke
     Selina MacLaren

505 Montgomery Street, Suite 800
San Francisco, California 94111

necessary, in light of the Defendant's ongoing records-review process and upcoming production deadlines.

2

4828-5684-8563V.3 0200559-000004

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(415) 276-6500 Phone
(415) 276-6599 Fax
thomasburke@dwt.com
selinamaclaren@dwt.com

*Attorneys for Plaintiffs National Public Radio, Inc., and Eric Westervelt*

3

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.     INTRODUCTION**

3      On December 4, 2019, this Court issued a Civil Conference Minute Order that stated, *inter alia*,

4 that "Defendant shall make an initial production of 1,000 pages to Plaintiff by 1/17/2020 then shall

5 produce 2,000 pages by no later than the twentieth day of each month thereafter until production is

6 complete." Doc. 43. This Order was issued after a further Case Management Conference during which

7 counsel for Plaintiffs National Public Radio and Eric Westervelt (collectively, "NPR") explained that the

8 Defendant in this matter has repeatedly delayed its production and failed to meet its obligations under

9 the Freedom of Information Act ("FOIA").

10      As evidenced by its January 17 production, Defendant is continuing to delay its production, now

11 by artificially boosting its page production numbers with blank pages, indecipherable spreadsheets that

12 are improperly formatted in a manner that inflates the number of pages produced and is indecipherable,

13 and thumbnail images. Although Defendant purported to produce 6,498 pages of documents on January

14 17, NPR estimates that the production included only about 300-400 substantive, decipherable pages, far

15 short of this Court's requirement of 1,000 pages.

16      Although counsel for NPR immediately brought the production deficiencies to the attention of

17 Defendant's counsel, rather than correct the production errors and make up for the hundreds of records

18 that were not produced, Defendant is steadfast that its production was proper. NPR understands that

19 Defendant's counsel is out of the office this week, and consents to any extension of time as necessary

20 for Defendant to respond; NPR brings this Motion on an expedited schedule in order to bring to the

21 Court's attention the seriousness of the violations prior to the upcoming February 20 production. In

22 light of Defendant's intransigence, an OSC is warranted to ensure that future productions do not involve

23 the same gamesmanship and disregard for the Court's order.

24

**II.     BACKGROUND**

25

**A.     This Court's December 4, 2019 Order**

26      As NPR has discussed in prior submissions to this Court, Defendant has repeatedly delayed the

27 timely production of documents in response to NPR's FOIA request submitted over a year and a half

28 ago; meanwhile, ongoing news stories demonstrate the urgency of obtaining these records. *See*, *e.g.*,

4828-5684-8563V.3 0200559-000004

Doc. 36 at 1-2; Doc. 40 at 4.  Defendant's delay has included unilaterally taking additional time beyond Court-imposed deadlines to supplement the production and Vaughn index, as well as failure to include emails in the initial round of production.  *Id*.  This delay was discussed at the Further Case Management Conference held by this Court on December 4, 2019.  On that date, this Court issued an Order plainly stating that Defendant was to produce 1,000 pages by January 17, 2019, and then 2,000 pages no later than the twentieth of each month thereafter.  Doc. 43.

On December 26, 2019, several weeks after the Court's Order, Defendant brought an administrative motion seeking clarification of the Order, arguing that the Order should be amended to require only *review* of 1,000/2,000 pages – rather than *production* of 1,000/2,000 pages.  Doc. 47.  This Court denied Defendant's motion on January 2, 2020, effectively affirming that its Order should be read according to its plain language, which requires the production, rather than the review, of a certain number of pages each month.  Doc. 49.

**B.    Defendant's Deficient January 17 Production**

On January 17, 2020, Defendant purported to produce to NPR 6,498 pages of documents.  Of these pages, however, 6,032 pages consisted of a single email attachment.  The majority of the pages in that attachment appear to be blank pages.  *See*, *e.g.*, Ex. A (examples of blank pages in the attachment).  The remainder of the pages in the attachment appear to be spreadsheet excerpts that were formatted in a manner that inflates the number of pages produced and makes the spreadsheet indecipherable.  *See*, *e.g.*, Ex. B (examples of indecipherable pages in the attachment).  For instance, those pages contain lists of numbers without headers, or blank charts.  *Id*.  Thus, at least 6,032 pages in the production are not meaningful, substantive pages and should not be counted toward the 1,000-page requirement.

The 466 remaining pages are also artificially inflated by blank pages and thumbnail attachments.  *See*, *e.g.*, Ex. C (examples of blank pages); Ex. D (examples of thumbnail attachments).  The thumbnail attachments appear to be logos and similar pictures that are embedded in emails, and they do not contain substance or require review.  These documents, also, are not meaningful, substantive pages and should not be counted toward the 1,000-page requirement.

**C.    Attempts to Resolve This Issue Without Court Intervention**

4828-5684-8563V.3 0200559-000004

Counsel for NPR has attempted to resolve these issues informally through discussions with Plaintiff's counsel. On Tuesday, January 21, NPR's counsel, Selina MacLaren, emailed Plaintiff's counsel, Adrienne Zack, to confirm that the production as received was not an error. Specifically, Ms. MacLaren wrote, "we are seeing thousands of blank documents and many documents that are impossible to decipher – it appears the latter category may be charts or tables that should have printed horizontally. Please let us know if that is an error." *See* Declaration of Thomas Burke ("Burke Decl."), ¶ 6. Ms. Zack replied, *inter alia*, "There is no error that I am aware of." *Id*. On January 28, Ms. MacLaren followed up with an email outlining several deficiencies in the production, including the blank pages, improperly formatted spreadsheets, and thumbnail attachments. *Id*. In that email, Ms. MacLaren requested that Defendant agree to remedy these issues by producing 3,000 pages in the February production.[2] *Id*. On February 2, Ms. Zack, on behalf of Defendant, declined. *Id*. Ms. Zack conceded that 6,032 pages of the production consisted of an .xlsm file (*i.e.,* an Excel spreadsheet) that was a single attachment to an email, but maintained that the attachment was responsive and that "[e]ach page required at least some review." *Id*. With regard to the thumbnail attachments, Ms Zack stated, "These images are responsive as they are attachments to emails, as identified by the review software. It cannot be avoided because of the review software." *Id*.

The following day, NPR's counsel explained, "We do not believe that the Court in its 12/4 Order intended to include blank pages, indecipherable spreadsheets, and thumbnail attachments in the page count. Any contrary conclusion would allow the VA to continue to delay its substantive production by producing huge, mostly-blank attachments and thumbnails." *Id*. NPR's counsel offered to participate in a meet-and-confer if Defendant determined that it was willing to reconsider its position.[3]

---

[2] NPR's counsel requested 3,000 pages in the February production under the assumption that some of the already-produced pages would be produced again, and the February production would thus include both the February and remedied January productions.

[3] NPR's counsel understood that Defendant's primary counsel unexpectedly had to be out of office for personal reasons from January 30 to February 3, and thus proposed a meet and confer for February 4. On February 4, Defendant's primary counsel explained that she had to extend her time out of the office until February 10, 2020. Due to the seriousness of the violations of the Court's order, Defendant's position that its January production was proper, and the upcoming February 20 production deadline, NPR is filing this Motion to bring these issues to the Court's attention at the earliest convenience. In light of defense counsel's unavailability, NPR consents to any additional time necessary for Defendant to respond to this Motion or the concurrently-filed Administrative Motion to accommodate counsel's schedule.

4828-5684-8563\V.3 0200559-000004

## III.    ARGUMENT

In a motion for an Order to Show Cause Re: Contempt, "the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.  The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Federal Trade Comm'n v. Enforma Natural Prods., Inc*., 362 F.3d 1204, 1211 (9th Cir.2004) (citation and quotation marks omitted).

Here, clear and convincing evidence – documents from the production itself – establish that Defendant has violated this Court's specific and definite December 4, 2019, Order to produce 1,000 documents.  Those documents show that Defendant has artificially inflated its production numbers by: (1) including thousands of blank pages in the page count, *see* Exs. A, C; (2) formatting an Excel spreadsheet in a manner that maximizes the number of pages processed but eliminates NPR's ability to decipher the spreadsheet, *see* Ex. B; and (3) including thumbnail attachments in the page count, *see* Ex. D.  Excluding these pages reveals that Defendant has produced, at most, roughly 300-400 pages, far short of the requirement set forth in this Court's December 4, 2019 Order.  Allowing Defendant to artificially inflate its production numbers by producing thousands of blank, indecipherable, or otherwise meaningless pages would indefinitely delay Defendant's substantive production and essentially render this Court's December 4 Order futile.  Moreover, without an order from this Court, Defendant is likely to repeat the same behavior with each of its additional productions.

Accordingly, Defendant bears the burden of demonstrating why it failed to comply.  In the event that Defendant cannot meet its burden, NPR respectfully requests that this Court order Defendant to supplement its March production by 600 pages to make up for the pages missing from the January 17 production.  NPR further respectfully requests that this Court confirm that blank pages, indecipherable spreadsheets, and thumbnail attachments will not count toward the page requirement for future productions.

## IV.    CONCLUSION

For the foregoing reasons, this Court should enforce its December 4, 2019 Order by issuing an Order to Show Cause why Defendant should not be held in contempt for failing to produce 1,000 responsive pages on January 17, 2020.

4828-5684-8563V.3 0200559-000004

1

2  Dated: February 5, 2019

3                                    Respectfully submitted,

4                                    DAVIS WRIGHT TREMAINE LLP

5

6                                    By: *Thomas R. Burke*
                                         Thomas R. Burke
7                                        Selina MacLaren

8                                    505 Montgomery Street, Suite 800
                                     San Francisco, California 94111
9                                    (415) 276-6500 Phone
                                     (415) 276-6599 Fax
10                                   thomasburke@dwt.com
                                     selinamaclaren@dwt.com
11

12                                   *Attorneys for Plaintiffs National Public Radio, Inc., and
                                     Eric Westervelt*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4828-5684-8563V.3 0200559-000004