UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | Case No. 18-cv-05772-DMR<br><br>**ORDER ON PLAINTIFFS' MOTIONS FOR AN ORDER CLARIFYING FOIA REQUEST AND FOR AN ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 44, 50 |

Plaintiffs National Public Radio ("NPR") and Eric Westervelt, an NPR reporter, brought this Freedom of Information Act ("FOIA") action against the United States Department of Veterans Affairs ("VA"). Plaintiffs has filed two motions: (1) a motion for an order clarifying the scope of their FOIA request; and (2) a motion for an order to show cause regarding the VA's failure to comply with the December 4, 2019 order directed to the VA's initial production of documents. [Docket Nos. 44 (Mot. for Clarification), 50 (Mot. for OSC).] These matters are suitable for resolution without a hearing. Civ. L.R. 7-1(b).

**I.  BACKGROUND**

On March 28, 2018, Plaintiffs submitted a FOIA request for the following records:

> [R]ecords whether in paper or electronic form or format, relating to:
>
> 1. Any correspondence, complaint or investigation received by or in the possession of the Office of Accountability and Whistleblower Protection (OAWP) involving any and all branches of Veterans Affairs VISN 7.
>
> 2. Any correspondence, complaint or investigations by or in the possession of the Office of Accountability and Whistleblower Protection (OAWP) involving any and all branches of Veterans Affairs VISN 10.
>
> 3. Any and all investigations or correspondence that mentions the

name of Ms. Leslie Wiggins, Network Director of VISN 7.

4. Any and all investigations or correspondence that mentions the name of Mr. Robert McDivitt, Network Director of VISN 10.

Compl. Ex. A (FOIA Request).

Plaintiffs allege that the VA has failed to make promptly available the records sought by their request in violation of FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations. Compl. ¶ 17.

The court held a further case management conference on December 4, 2019 and issued the following order regarding the VA's production of responsive documents: "Defendant shall make an initial production of 1,000 pages to Plaintiff by 1/17/2020 then shall produce 2,000 pages by no later than the twentieth day of each month thereafter until production is complete." [Docket No. 43 (Minute Order).]

Plaintiffs now move for a court order clarifying the scope of their FOIA request. Plaintiffs also move for an order to show cause why the VA should not be held in contempt for violating the December 4, 2019 order by failing to produce 1,000 pages of responsive records by January 17, 2020. The VA opposes both motions. The court will address each in turn.

## II. MOTION FOR AN ORDER CLARIFYING THE FOIA REQUEST

The parties' dispute about the scope of Plaintiffs' FOIA request centers around Leslie Wiggins's email account. As noted above, Plaintiffs' FOIA request calls for "[a]ny and all investigations or correspondence that mentions the name of Ms. Leslie Wiggins, Network Director of VISN 7." Plaintiffs' opening brief is not a model of clarity; in that brief, they appear to request a court order clarifying that their FOIA request includes "any emails sent or received by Ms. Leslie Wiggins in the agency's possession, custody, or control." Mot. 1. They further assert that the request should be construed as directed to the VA as a whole and not limited to records solely in the possession, custody, or control of OAWP.

The VA responds that the request does not extend to Wiggins's email account, because Plaintiffs did not formulate it to seek "all emails sent or received by" Wiggins. Opp'n 2-3. The VA argues that the most reasonable interpretation is that the request calls for "records that referred to Ms. Wiggins's name that were created by other parties." *Id.* at 2. It also argues that it properly

2

construed the request as one "directed only to OAWP," and asserts that OAWP cannot respond because it does not have control over Wiggins's email account. *Id*. at 3.

On reply, Plaintiffs clarify the relief they seek. According to Plaintiffs, their request for "investigations or correspondence that mention[s]" Wiggins "encompasses emails related to investigations into Ms. Wiggins's conduct, including Ms. Wiggins' own correspondence." Reply 1-2; *see* FOIA Request ¶ 3. Therefore, they request "that Defendant search a specific location that clearly will contain responsive records about investigations into Ms. Wiggins—Ms. Wiggins' emails." Reply 1. Plaintiffs do not seek all of Wiggins's emails, and do not request an order directing the VA to search the records of every VA employee for responsive documents. *Id*.

The parties agree that the "thrust" of Plaintiffs' FOIA request "is for investigations and complaints," including investigations and complaints about Wiggins. *See* Opp'n 1; Reply 1. Liberally construed, Plaintiffs' request for records relating to "[a]ny and all investigations or correspondence that mentions the name of Ms. Leslie Wiggins" logically extends to Wiggins's own emails, because Wiggins may have exchanged emails with investigators, colleagues, and whistleblowers regarding whistleblower complaints and investigations into her own conduct. *See Yagman v. Pompeo*, 868 F.3d 1075, 1080 (9th Cir. 2017) (FOIA records requests must be "liberally" construed).

As noted, the parties also dispute whether the entire FOIA request was directed to OAWP only. Plaintiffs argue that the request is directed to the VA as a whole but that the scope of the first two parts of the request is expressly limited to the OAWP, which is an office within the VA. Plaintiffs note that the request was addressed to "Veterans Affairs FOIA Officer" and that Westervelt emailed the request to the email address for FOIA requests at the VA Central Office. Mot. Exs. A, B at ECF p. 12.

In response, the VA states that it reasonably interpreted the request as directed only to the OAWP. The VA points out that the subject line of Westervelt's email reads "FOIA Request OAWP from NPR News." Mot. Ex. B at ECF p. 12. It also notes that the address line of the request reads "U.S. Department of Veterans Affairs, Office of Accountability and Whistleblower Protection." FOIA Request. The VA states that it processes FOIA requests "in a decentralized

3

1 manner" and asserts that "it was reasonable that the [VA Central Office] interpreted [Plaintiffs'
2 request] as directed only to OAWP and merely performed a routing function to OAWP when it
3 was clear that the request was directed to OAWP alone." Opp'n 4.

Liberally construed, Plaintiffs' request calls for responsive documents that include records from Ms. Wiggins's own email account. The request logically pertains to the VA as a whole rather than just to OAWP, for as Plaintiffs point out, only the first and second parts of the request are limited to OAWP records; the third and fourth contain no such limitation. Moreover, the VA's concern about broadening the scope of the request is based on a misapprehension of Plaintiffs' position. Specifically, the VA asserts that construing parts three and four of the FOIA request to encompass "all of the VA" would require the VA to identify every employee "that might have talked about Ms. Wiggins or Mr. McDivitt in their correspondence since 2014." The VA contends that this would result in an unduly burdensome search. *Id*. at 5. However, as discussed above, Plaintiffs do not seek an order directing the VA to search the records of every VA employee for responsive documents. Instead, they ask for an order directing the VA to search Wiggins's own emails for responsive documents. The VA does not contend that expanding the search to include Wiggins's email account would be unduly burdensome. Accordingly, Plaintiffs' motion is granted. The VA shall extend its search for responsive records to include Leslie Wiggins's email account.

### III. MOTION FOR AN ORDER TO SHOW CAUSE

Plaintiffs move for an order to show cause why the VA should not be held in contempt for violating the court's December 4, 2019 order to "make an initial production of 1,000 pages to Plaintiff by 1/17/2020 . . ." *See* Minute Order. On January 17, 2020, the VA produced via electronic transfer a single PDF document that contained 6,498 pages, each individually bates-labeled. [Docket No. 50-1 (Burke Decl., Feb. 5, 2019) ¶ 3.] According to Plaintiffs, over 6,000 pages of the production consist of a single Excel spreadsheet attached to an email; the majority of the pages in the attachment are blank and/or formatted in a way that renders them indecipherable. *Id*. at ¶ 4, Exs. A, B. The remaining 466 pages include numerous blank pages and pages containing thumbnail attachments of logos and photographs. *Id*. at ¶ 5, Exs. C, D. Therefore,

4

1    Plaintiffs argue, the VA's actual January 2020 production consisted of far less than the required

2    1,000 pages, and the court should order the VA to show cause why it should not be held in

3    contempt.

4        The VA does not dispute Plaintiffs' characterization of its January 2020 production.  It

5    explains that it included entire "families," i.e., emails and their attachments, and concedes that a

6    "substantial number" of pages were attributable to one attachment to an email that was in .xlsm

7    format.  That file was processed using Excel's default system print parameters, which the VA

8    acknowledges "can result in Excel files being difficult to read in PDF form."  Opp'n 1-2;

9    Chernenko Decl., Feb. 19, 2020 ¶¶ 3, 4.  According to the VA, prior to its production, Plaintiffs

10   did not request that Excel files be processed in any manner other than electronically.  Opp'n 3.

11   The VA also offers somewhat of an explanation about its production of blank pages and pages

12   containing thumbnail images; it asserts that these documents made up only 32 pages of its January

13   2020 production.  *Id*. at 4; Zack Decl., Feb. 19, 2020, ¶ 3.  The VA contends that processing files

14   in a different manner could cost "significant additional time and resources."  Opp'n 2.  The VA

15   does not quantify the amount of time or resources required to process files in a manner that

16   preserves their legibility nor does it submit evidence on this point.

17       "Civil contempt . . . consists of a party's disobedience to a specific and definite court order

18   by failure to take all reasonable steps within the party's power to comply."  *Reno Air Racing*

19   *Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting *In re Dual-Deck Video*

20   *Cassette Recorder Antitrust Litig*., 10 F.3d 693, 695 (9th Cir. 1993)).  "The contempt 'need not be

21   willful.'"  *Reno Air Racing*, 452 F.3d at 1130 (quoting *In re Dual-Deck*, 10 F.3d at 695 (quotation

22   omitted)).  A "party alleging civil contempt must demonstrate that the alleged contemnor violated

23   the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence."

24   *In re Dual-Deck*, 10 F.3d at 695 (citation omitted).  Once the moving party makes its initial

25   showing, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to

26   comply," *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999), and the alleged

27   contemnors must show that they "performed 'all reasonable steps within their power to insure

28   compliance' with the court's orders."  *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856

1  (9th Cir. 1992) (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir. 1976)).

According to the VA, the court should deny Plaintiffs' motion because the formatting and production of the .xlsm file does not render its production out of compliance with the court's order. Essentially, the VA argues that its production complied with the court's order because each of the 6,498 pages "are responsive and were reviewed and examined for withholding prior to production," and that "[a] difficult to read record is not an invalid FOIA response," citing *Gabel v. Comm'r*, 879 F. Supp. 1037, 1039 (N.D. Cal. 1994). *Gabel* is inapposite, because it did not involve an agency's production of illegible or indecipherable records. Instead, the self-represented plaintiff in *Gabel* challenged the IRS's production of documents because he did not understand them. The court held that the plaintiff failed to show a genuine issue of material fact regarding whether the agency violated FOIA, noting that "[t]he government's responsibility under FOIA is to release specified documents unless a FOIA exception covers the documents; it is not to revamp documents or generate exegeses so as to make them comprehensible to a particular requestor." *Id*. at 1039. Here, the VA does not dispute that over 6,000 pages of its 6,498-page production consisted of blank and indecipherable pages. It does not explain why it was unable to comply with the court's order to produce 1,000 pages, other than to assert that processing files in a different manner could cost "significant additional time and resources," without offering any evidentiary support.

The court concludes that Plaintiffs have not established that the VA's January 2020 production was in contempt of the December 4, 2019 order because it literally amounted to more than 1,000 pages. However, the production violated the spirit of the order because it consisted largely of blank and illegible pages. Going forward, the VA may not count blank, illegible, and/or indecipherable pages towards the court-ordered production requirements.

Plaintiffs also ask the court to order the VA to supplement a future production with an additional 500 documents to account for the deficiencies in the January 2020 production. The parties represent in their April 8, 2020 joint case management statement that the VA produced over 3,000 pages in February and over 6,000 pages in March, and Plaintiffs do not assert that these productions were deficient. [*See* Docket No. 58.] As the VA has produced pages well in excess

of the 2,000 monthly pages the court ordered in the past two months, the court declines to order a supplemental production.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for an order clarifying their FOIA request is granted. Plaintiffs' motion for an order to show cause is denied. As these motions are the only matters the parties seek to discuss at the April 15, 2020 case management conference, the case management conference is hereby CONTINUED to July 15, 2020 at 1:30 p.m. An updated joint case management statement is due by July 8, 2020.

**IT IS SO ORDERED.**

Dated: April 13, 2020



Donna M. Ryu
United States Magistrate Judge